E-FILED
Wednesday, 10 November, 2021  12:05:18 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MARTIN J. WALSH**, Secretary of Labor, | ) | |
| United States Department of Labor, | ) | |
| | ) | |
| Plaintiff, | ) | Civil action no.: |
| | ) | |
| v. | ) | |
| | ) | Legal and equitable relief sought |
| **MAYA RESTAURANT, INC., d/b/a** | ) | |
| **MAYA MEXICAN RESTAURANT**, | ) | |
| an Illinois corporation, and; | ) | |
| **RIGOBERTO COBAIN**, an individual, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Pursuant to § 217 of the Fair Labor Standards Act, of 1938, as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"), Plaintiff MARTIN J. WALSH, Secretary of Labor, United States Department of Labor ("Secretary"), brings this action to enjoin and restrain the defendants MAYA RESTAURANT, INC., D/B/A MAYA MEXICAN RESTAURANT ("Maya Restaurant"), an Illinois corporation, and RIGOBERTO COBAIN, an individual, (collectively, "Defendants") from violating §§ 206, 207, 211, and 215(a)(2) and (5) of the FLSA and to recover unpaid compensation, plus an equal amount in liquidated damages pursuant to § 216(c) of the Act (29 U.S.C. § 216(c)) for Defendants' employees.

The Secretary, through the Wage and Hour Division, conducted an investigation of Defendants for compliance with the FLSA. The Secretary's investigation reviewed Defendants' employment and pay practices from November 11, 2018 through November 7, 2020 (the "Investigation Period"). Unless stated otherwise, all allegations and conditions described herein pertain to the Investigation Period.

**Jurisdiction and Venue**

1. This Court has jurisdiction of this case. 29 U.S.C. §§ 216(c), 217; 28 U.S.C. § 1345.

2. This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district.

**Defendants**

3. Defendant MAYA RESTAURANT is a corporation within this Court's jurisdiction with an office at 4420 Broadway Street, Unit E, Quincy, Illinois where it conducts business.

4. MAYA RESTAURANT is a full-service Mexican-style restaurant.

5. Defendant COBAIN has actively managed and supervised Maya Restaurant's operations and its employees during the Investigation Period. Among other things, COBAIN has hired and fired employees, set their work schedules, and set their pay rates.

6. Defendant COBAIN has acted directly or indirectly in MAYA RESTAURANT'S interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

7. During the Investigation Period, Defendants engaged in business within Adams County, within this Court's jurisdiction.

**The FLSA Applies to Defendants**

8. Defendant MAYA RESTAURANT is an "enterprise" under the FLSA due to its related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r).

9. MAYA RESTAURANT is an "enterprise engaged in commerce" under the FLSA, because it had (i) two or more employees who are engaged in or produced goods for commerce;

2

and (ii) an annual gross volume of sales or business done greater than $500,000 during the Investigation Period. 29 U.S.C. § 203(s)(1)(A).

## FLSA Violations

### *Minimum Wage Violations*

10. Defendants willfully violated §§ 206 and 215(a)(2) of the FLSA when they failed to pay their employees at least $7.25 per hour. 29 U.S.C. §§ 206(a)(1), 215(a)(2).

11. Defendants employed two part-time servers during the Investigation Period who were not included on their payroll records.

12. Defendants failed to pay these employees any wages. Defendants did not pay them the required minimum wage of $7.25 per hour or the required cash wage of at least $2.13 per hour needed to take a tip credit to meet the rest of its minimum wage obligation.

13. Instead, Defendants' sole compensation for these two part-time employees was the tips earned by those employees.

14. Because Defendants failed to pay any wages to the part-time employees who were compensated solely in tips, Defendants did not meet the minimum wage requirement for the two part-time employees.

### *Overtime Violations*

15. Defendants repeatedly and willfully violated § 207 and 215(a)(2) of the FLSA when they failed to pay their employees one-and-one-half times their regular rates for hours worked in excess of 40 in a workweek. 29 U.S.C. §§ 207(a)(1), 215(a)(2).

### Kitchen Staff

16. Defendants paid kitchen staff based on an hourly rate.

17. Defendants regularly paid its kitchen staff for only 40 hours per week or fewer.

18. Defendants' kitchen staff regularly worked more than 40 hours per week.

19. Defendants did not pay kitchen staff for hours worked per week in excess of 40 hours.

20. Because Defendants did not pay kitchen staff for any hours worked over 40 hours per week, let alone pay them at one-and-one-half times their regular rate, Defendants violated the FLSA's overtime provisions.

Restaurant Manager

21. Defendants misclassified a restaurant manager as exempt from the FLSA's overtime requirements under the executive exemption.

22. Defendants paid this restaurant manager a salary of only $500 per week during her employment in 2020.

23. The restaurant manager regularly worked more than 40 hours per week during her employment in 2020.

24. Having misclassified the restaurant manager as exempt, Defendants failed to pay the restaurant manager at one-and-one-half time her regular rate for hours worked over 40 hours per week.

*Recordkeeping Violations*

25. Defendants repeatedly and willfully violated §§ 211 and 215(a)(5) of the FLSA when they failed to keep complete and accurate records. 29 U.S.C. §§ 211, 215(a)(5); 29 C.F.R. Part 516.

26. Defendants did not make or keep records accurately reflecting the number of hours worked per day and per week by employees.

    a.   Defendants' payroll records do not record any daily or weekly hours for employees.

4

    b.  The biweekly hours worked by kitchen staff, as recorded in the payroll records, are inaccurate.

    c.  Defendants' payroll records do not include any information for two part-time servers compensated solely in tips, including information about hours worked.

    d.  Defendants purport to have time logs for at least some of the Investigation Period, but these time logs are inaccurate and may not include the two part-time servers. The time logs were also filled out after the hours purportedly worked and not contemporaneously.

27. Defendants did not make or keep any records regarding pay for the two-part time servers compensated solely in tips.

## Remedies Sought

28. As a result of their FLSA violations, Defendants owe the employees listed in Exhibit A back wages and liquidated damages, under 29 U.S.C. §§ 216(c), 217. If Defendants continued to violate the FLSA after the Investigation Period, then Defendants may owe additional back wages and liquidated damages to employees.

29. Defendants may also owe additional back wages and liquidated damages, during the Investigation Period, to their employees whose identities the Secretary does not currently know.

30. Moreover, Defendants repeatedly and willfully violated §§ 206, 207, 211, and 215(a)(2) and (5) of the FLSA, because Defendants knew or showed reckless disregard for whether the FLSA prohibited their conduct.

    a.  Defendants had notice of the FLSA's minimum wage and overtime requirements by virtue of several prior investigations, which found issues related to Defendants' compensating servers only in tips, failing to pay employees for hours worked over 40

5

per week, and failing to pay salaried employees at one-and-one-half times their

regular rates for hours worked over 40.

b.   During these investigations, Wage and Hour investigators discussed the requirements

of the FLSA with Defendants, who assured they would comply with the FLSA in the

future.

c.   Despite their prior knowledge of the requirements of the FLSA, they violated the

FLSA in a similar manner as found during the prior investigations.

d.   Defendants' conduct with regard to its recordkeeping evidences reckless disregard for

the FLSA's requirements because they maintained records that did not accurately

reflect the hours worked by employees and encouraged employees to fill out time

logs inaccurately and retroactively.

31. Because Defendants repeatedly and willfully violated the FLSA, the Secretary is entitled

to recover back wages and liquidated damages for a three-year period. 29 U.S.C. § 255(a).

**Prayer for Relief**

As a result of Defendants' repeated and willful FLSA violations, the Secretary

respectfully requests this Court enter an Order:

A.  Permanently enjoining and restraining Defendants, their officers, agents, servants,

employees, and those in active concert or participation with them, from violating §§ 206, 207,

211, and 215(a)(2) and (5) of the FLSA. 29 U.S.C. § 217(a).

B.  Finding Defendants liable for unpaid minimum and overtime wages, plus an equal

amount in liquidated damages, owing to the employees listed in Exhibit A, as well as to other of

Defendants' employees not yet known to the Secretary. 29 U.S.C. § 216(c).

C.  If the Court declines to award liquidated damages, then enjoining and restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding unpaid compensation found owing to Defendants' employees, plus prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury under 26 U.S.C. § 6621.

D.  Providing such other relief as may be necessary and appropriate.

E.  Awarding costs and granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

*/s/ Elisabeth Nolte*
ELISABETH NOLTE
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Rm. 844
Chicago, Illinois 60604
312-353-7837
Nolte.Elisabeth.P@dol.gov
IL Bar No. 63221218

*Attorneys for Plaintiff Martin J. Walsh,*
*Secretary of Labor, United States Department*
*of Labor*

7

**Exhibit A**

Barrios Santiago, Glenda L.
Cagal, Marcos
Dede, Cora
Gomez, Alejandro L.
Gonzalez Perez, Santiago
(Last Name Unknown), Andres
(Last Name Unknown), Laura
Mendez, Antonio
Olivares, Juan
Olivares, Megan R.
Rayon Jalpilla, Raul